EDUARDO C. ROBRENO, District Judge.
The same criminal defense attorney currently represents the defendants in both of the above-captioned cases. Each defendant was charged with conspiracy to distribute methamphetamine in separate cases but are members of the same conspiracy. One defendant was convicted after a jury trial and is now appealing his sentence; the other defendant pleaded guilty pursuant to a cooperation plea agreement with the Government and is awaiting sentencing. The Third Circuit remanded the first defendant's appeal to this Court for the limited purpose of determining whether there is an actual or serious potential conflict of interest created by the representation by the same lawyer of one defendant on appeal from a conviction, while the sentencing of the other defendant is still pending.
For the reasons set forth below, the Court finds that there is a serious potential conflict of interest, and that it is not waivable with respect to one of the two defendants. Under these circumstances, the attorney is disqualified from the further representation of either or both defendants.
I. BACKGROUND
Defendant Andrew Carr was convicted, following a jury trial, of one count of conspiracy to distribute methamphetamine. The Court sentenced him to 132 months of imprisonment, and he is now appealing his sentence. Client No. 1 pleaded guilty, pursuant to a cooperation plea agreement with the Government, to an information charging him with one count of conspiracy to distribute methamphetamine, and is now awaiting sentencing.[1]
Although Carr and Client No. 1 were charged separately in different cases, they are each alleged to have been members of the same conspiracy to distribute methamphetamine (the "Trombetta methamphetamine conspiracy"). Client No. 1, a cooperating witness, has provided information to the Government regarding that conspiracy.
John J. Griffin, Esquire, is a criminal defense lawyer. He represented Client No. 1 during the Government's investigation of Client No. 1's case, and at Client No. 1's arraignment and plea hearing. Griffin currently represents Client No. 1 and is expected to do so at his upcoming sentencing hearing.
After Griffin represented Client No. 1 at his arraignment and plea hearing, Carr retained Griffin as his appellate counsel.[2] Should Carr's appeal be successful and a re-trial ordered, Client No. 1 could be a potential witness against Carr on any re-trial. Further, given that Client No. 1 has a cooperation plea agreement with the Government (concerning a conspiracy in which Carr was a member), the nature and *615 extent of his cooperation will be at issue during his sentencing hearing. As a result, the legal interests of the two defendants may diverge.
Both Carr and Griffin have agreed that, should a re-trial be ordered, Griffin will not represent Carr at the re-trial. Griffin contends that, under this agreement, he will never be exposed to having to cross-examine a former client (Client No. 1) during the Carr re-trial. Moreover, Griffin has represented that, at sentencing, he will not make an argument highlighting Client No. 1's cooperation as it pertains to Carr's participation in the conspiracy. Therefore, under these circumstances, he believes there is no serious potential conflict of interest created by his representation of Carr on appeal while continuing to represent Client No. 1 at the sentencing.
In Carr's appeal before the Third Circuit, the Government filed a motion to remand the case to this Court for the limited purpose of conducting a hearing on the actual or serious potential conflict of interest created by Griffin's concurrent representation of both Carr and Client No. 1. The Third Circuit then remanded the case to this Court to determine whether there is a serious potential conflict of interest that disqualifies Griffin from undertaking Carr's representation on appeal, and if so, whether the conflict is waivable.
The Court held separate hearings with Carr and Client No. 1, at which each defendant was represented by conflicts counsel appointed by the Court,[3] to consider the potential conflict and whether the potential conflict, if one existed, could be waived by both Carr and Client No. 1. The Government takes no position on these issues.[4]
II. LEGAL STANDARD
The Sixth Amendment right to counsel "includes two correlative rights, the right to adequate representation by an attorney of reasonable competence and the right to the attorney's undivided loyalty free of conflict of interest." United States v. Moscony, 927 F.2d 742, 748 (3d Cir. 1991) (quoting United States v. Gambino, 864 F.2d 1064, 1069 (3d Cir. 1988) ). "The attorney's undivided loyalty is required because the type of effective 'assistance of counsel' the Sixth Amendment guarantees a criminal defendant is that which puts the government to its proofs in an adversarial manner, and for this counsel free of conflicts of interest is necessary." Id.
Although a defendant may waive this right to conflict-free representation, a waiver may not be adequate in some cases. See United States v. Voigt, 89 F.3d 1050, 1075 (3d Cir. 1996) ("[T]he potential for serious conflicts is a consideration of judicial administration that can outweigh a defendant's right to counsel of choice."). As the Supreme Court has stated, "[t]he District Court must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). "The evaluation of the facts and circumstances of each case under this standard *616 must be left primarily to the informed judgment of the trial court." Id.
Another set of rights also guide the Court in this case, "[s]temming not from the Sixth Amendment but from the ethical precepts that govern the legal profession." Moscony, 927 F.2d at 748. The Supreme Court explained that "[w]hen a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of a defendant." Wheat, 486 U.S. at 162, 108 S.Ct. 1692 (quoting United States v. Dolan, 570 F.2d 1177, 1184 (1978) ).
Both the ABA Model Rules of Professional Conduct and the Pennsylvania Rules of Professional Conduct limit an attorney's ability to represent two clients whose interests are adverse to each other. Under both sets of rules, an attorney cannot represent a client if the representation involves a concurrent conflict of interest. See ABA Model Rule 1.7; 204 Pa. Code § 81.4 (Rule 1.7(a) ). A concurrent conflict of interest exists when an attorney simultaneously represents two clients and (1) "the representation of one client will be directly adverse to another client;" or (2) "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." ABA Model Rule 1.7; 204 Pa. Code § 81 (Rule 1.7(a) ).
When an attorney's representation of two clients creates a concurrent conflict of interest, an attorney may nonetheless continue to represent both clients if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent.
207 Pa. Code § 81.4 (Rule 1.7(b) ); see also ABA Model Rule 1.7(b).
Both sets of rules also prohibit an attorney who has formerly represented a client from "represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client" without the former client's consent. 204 Pa. Code § 81.4 (Rule 1.9(a) ); see also ABA Model Rule 1.9(a).
There is a presumption in favor of a defendant's choice of counsel. United States v. Stewart, 185 F.3d 112, 121 (3d Cir. 1999) (citing Wheat, 486 U.S. at 164, 108 S.Ct. 1692 ). However, that presumption may be overcome when there is an actual or potential serious conflict. Wheat, 486 U.S. at 164, 108 S.Ct. 1692 ; Stewart, 185 F.3d at 121-22. When determining whether to override the presumption in favor of a defendant's choice of counsel, the trial court must balance "a defendant's Sixth Amendment right to counsel of choice against the interests of the proper and fair administration of justice." Voigt, 89 F.3d at 1075. Although district courts have broad discretion to disqualify attorneys to avoid conflicts of interest and to enforce professional rules of conduct, careful consideration is required. See United States v. Gonzalez-Lopez, 548 U.S. 140, 152, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006).
*617 III. DISCUSSION
The Court must first determine whether there is an actual or serious potential conflict of interest with respect to Griffin's concurrent representation of Carr on his appeal and Client No. 1 at sentencing, and then, if so, determine whether or not it is waivable as to each client.
A. Whether There Is a Serious Potential Conflict of Interest in the Concurrent Representation by Griffin of Both Carr and Client No. 1
First, as to Carr, the concurrent representation may violate Carr's right to conflict-free representation at any retrial (in the event that his appeal is successful), because it is possible that Client No. 1 may testify on behalf of the Government and against Carr.[5] See Moscony, 927 F.2d at 749 (recognizing that conflicts arise where a defendant "seeks to waive his right to conflict-free representation in circumstances in which the counsel of his choice may have divided loyalties due to concurrent or prior representation of another client who is a co-defendant, a co-conspirator, or a government witness"). Under those circumstances, Griffin's duty of loyalty to Client No. 1 would prevent Griffin from effectively representing Carr during the retrial. See Stewart, 185 F.3d at 121 (recognizing that "conflicts of interest arise whenever an attorney's loyalties are divided, and an attorney who cross-examines former clients inherently encounters divided loyalties" (quoting Moscony, 927 F.2d at 750 ); United States v. Provenzano, 620 F.2d 985, 1004-05 (3d Cir. 1980) (upholding the disqualification of an attorney in a criminal trial who formerly represented a key government witness in the trial).
Second, as to Client No. 1, the concurrent representation may violate Client No. 1's right to conflict-free representation at his sentencing hearing, because the Government has represented that Client No. 1 may be eligible for a downward departure or variance from the Sentencing Guidelines range on the basis of information that Client No. 1 provided to the Government regarding the Trombetta methamphetamine conspiracy, of which both Carr and Client No. 1 were members. The nature and usefulness of any information that Client No. 1 provided to the Government regarding the Trombetta methamphetamine conspiracy will be relevant to the Court in determining how much credit Client No. 1 will receive for his cooperation. Griffin's duty of loyalty to Carr would prevent him from making certain arguments regarding the usefulness of Client No. 1's information. For example, making arguments regarding the seriousness of the offenses committed by the Trombetta methamphetamine conspiracy, and the danger that the members of the conspiracy pose to the public, may require Griffin to reveal confidential information obtained during his representation of Carr. See 207 Pa. Code § 81.4 (Rule 1.9(c)(2) ) (prohibiting a lawyer to reveal information relating to the representation of a former client). Thus, there is a conflict in Griffin's concurrent representation of Carr and Client No. 1.
B. Whether the Conflict is Waivable Such That Griffin May Represent Both Carr and Client No. 1 Concurrently
The Court held separate hearings with Carr and Client No. 1, at which each defendant was represented by conflicts counsel. See supra n. 1. Both Carr and Client No. 1 stated under oath that they wished *618 to waive the potential conflict of interest created by Griffin's concurrent representation of both. Based on colloquies held with each defendant, the Court finds that both Carr and Client No. 1 are competent to waive the conflict, and that their waivers were voluntary, knowing, and intelligent.
Where a defendant chooses to waive a conflict of interest faced by his or her attorney in order to retain the counsel of his or her choice, a court may accept that waiver under appropriate circumstances. See Gov't of Virgin Islands v. Zepp, 748 F.2d 125, 139 (3d Cir. 1984). However, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them," and thus a court may override a defendant's waiver of his attorney's conflict of interest. Wheat, 486 U.S. at 160, 108 S.Ct. 1692.
1. Carr's Waiver is Accepted
Here, the Court accepts Carr's waiver of the serious potential conflict of interest, to the extent it impacts Carr's own right to conflict-free representation. Carr and Griffin have agreed that, in the event Carr is retried, Griffin will not represent Carr at his retrial. The adverse consequences of needing to retain a different attorney for a retrial following a successful appeal, and any associated delays, are outweighed by Carr's right to counsel of his choice. Therefore, the Court finds that the conflict is waivable as to Carr, and the Court accepts his waiver.
2. Client No. 1's Waiver is Not Accepted
However, the Court will not accept Client No. 1's waiver of the serious potential conflict of interest, to the extent it impacts Client No. 1's right to conflict-free representation. Client No. 1 pleaded guilty pursuant to a cooperation plea agreement with the Government, and he has not yet been sentenced. Griffin represented Client No. 1 during his arraignment and plea hearing, and intends to represent Client No. 1 at sentencing. Due to Griffin's duty of loyalty to Carr, Griffin would not be able to make certain arguments at Client No. 1's sentencing hearing regarding the usefulness of any information that Client No. 1 may have provided to the Government about Carr, or about any illegal activities involving Carr, or about the Trombetta methamphetamine conspiracy, of which Carr was also a member. See 204 Pa. Code § 81.4 (Rule 1.9(c)(1) ); ABA Model Rule 1.9(c)(1). Griffin also may not be able to make certain arguments regarding the relative culpability of Carr and Client No. 1, in order to support an argument that Client No. 1's sentence should be far lighter in order to prevent unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(6).
At the conflict of interest hearing held with Client No. 1 and Griffin, Griffin represented to the Court that he does not intend to argue at Client No. 1's sentencing hearing that Client No. 1 provided useful information regarding Carr. The Court finds that Griffin's inability to make these arguments at sentencing may violate Client No. 1's right to effective assistance of counsel under the Sixth Amendment. Further, Client No. 1's informed consent to the representation is not sufficient to allow Griffin to continue to represent him under the Pennsylvania Rules of Professional Conduct or the ABA Model Rules of Professional Conduct, because there is a concurrent conflict of interest and Griffin will not "be able to provide competent and diligent representation to each affected client." 207 Pa. Code § 81.4 (Rule 1.7(b)(1) ); see also ABA Model Rule 1.7(b)(1).
*619 Indeed, Griffin's proffer that he will not make certain helpful arguments at Client No. 1's sentencing, for the sole purpose of avoiding a violation of his duty of loyalty to Carr (who retained him after Client No. 1 did), may itself be a violation of Griffin's ethical obligations and Client No. 1's Sixth Amendment rights. See Moscony, 927 F.2d at 749 (a defendant's waiver in circumstances in which the counsel of his choice may have divided loyalties due to concurrent or prior representation "does not necessarily resolve the matter," due to the court's institutional interest in protecting the truth seeking-function of the proceedings, ability to enforce the ethical rules governing the legal profession, and interest in protecting a fairly-rendered verdict from issues raised on appeal).
As the Supreme Court has explained:
When a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform to with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of a defendant. Such representation not only constitutes a breach of professional ethics and invites disrespect for the integrity of the court, but it is also detrimental to the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant's comprehension of the waiver.
Wheat, 486 U.S. at 162, 108 S.Ct. 1692 (quoting Dolan, 570 F.2d at 1184 ).
Therefore, the Court will not accept Client No. 1's waiver.
3. Griffin is Disqualified From Representing Both Carr and Client No. 1
As explained above, because the Court will not accept Client No. 1's waiver of the conflict of interest created by Griffin's concurrent representation of Carr and Client No. 1, Griffin is disqualified from further concurrent representation of both clients. Whether Griffin may separately represent either defendant in lieu of the other raises a different question.
As to Client No. 1, Griffin was retained by Carr and began working on Carr's case prior to bringing this matter to the attention of the Court. Due to that representation, which has already begun, Griffin owes a duty of loyalty to Carr, and that duty continues even if Griffin were to terminate his representation of Carr. See 204 Pa. Code § 81.4 (Rule 1.9(a) ) (explaining that a lawyer who has formerly represented a client shall not represent another person in a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent). Thus, Griffin cannot "cure" his inability to adequately represent Client No. 1 at sentencing, even if he were to cease his representation of Carr. Therefore, Griffin is disqualified from representing Client No. 1 at his sentencing hearing.
As to Carr, the Court accepts Carr's waiver of the serious potential conflict of interest to the extent it impacts Carr's right to conflict-free representation. Under ordinary circumstances, Griffin could continue to represent Carr on appeal. However, here Griffin represented Client No. 1 before he was retained by Carr. Griffin's decision to commence representation of a second client, Carr, which prevents him from effectively representing his first client, Client No. 1, is a violation of Griffin's duty of loyalty to Client No. 1. See 204 Pa. Code § 81.4 (Rule 1.9(a) ).
Given these circumstances, the Court finds that permitting Griffin to jettison his original client, Client No. 1, in favor of Carr, his subsequent client, would not comport with the ethical standards of the *620 legal profession or the fairness of these legal proceedings.[6] As a result, Griffin is also disqualified from representing Carr on his appeal. See Wheat, 486 U.S. at 160, 108 S.Ct. 1692 ("Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."). This case is a cautionary tale: an attorney who undertakes a subsequent representation that creates a concurrent conflict of interest with respect to his representation of the first client does so at his peril, as he may be disqualified from representing either client or both, notwithstanding the informed consent of both clients.
IV. CONCLUSION
For the reasons set forth above, the Court finds that there is a serious potential conflict of interest created by Griffin's concurrent representation of Carr and Client No. 1. The Court accepts Carr's waiver of the conflict, but does not accept Client No. 1's waiver. Because the Court does not accept Client No. 1's waiver, Griffin is disqualified from representing Client No. 1, either concurrently with Carr or alone. Griffin is also disqualified from representing Carr alone, because permitting Griffin to jettison Client No. 1, his first client, in order to represent Carr, his second client, would violate the ethical standards of the legal profession and the fairness of these legal proceedings. Under these circumstances, Griffin is disqualified from further representation of either or both defendants.
ORDER
AND NOW , this 20th day of August, 2018 , for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that John J. Griffin, Esq., is disqualified from representing Defendant Andrew Carr in his appeal.[1]
AND IT IS SO ORDERED.
EXHIBIT A
EXHIBIT A
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
UNITED STATES OF AMERICA
v.
[redacted]
CRIMINAL ACTION [redacted]
UNDER SEAL
ORDER
AND NOW , this 20th day of August, 2018 , for the reasons set forth in the Memorandum attached to this Order as Exhibit A, in which Defendant [redacted] is referred to as Client No. 1, it is hereby ORDERED that John J. Griffin, Esq., is disqualified from representing [redacted] in this case.[1]
*621 IT IS FURTHER ORDERED that the sentencing hearing, previously scheduled for [redacted], is CONTINUED until further order of the Court.
AND IT IS SO ORDERED.

The Government's case against Client No. 1 is filed under seal, and the fact that charges were filed against him is not public. As a result, the Court will not identify him by name in this memorandum.

Carr was represented by other counsel at his trial.

Carr was represented by Carina Laguzzi, Esquire. Client No. 1 was represented by Joseph D. Mancano, Esquire. Both are experienced criminal attorneys, and both advised the Court that the conflict was waivable.

Although the Government asked the Third Circuit to remand the case for a conflict hearing, the Government now is agnostic on the conflict issue. Regardless of the Government's position, the Court has an independent obligation to ensure the proper and fair administration of justice. See Wheat v. United States, 486 U.S. 153, 162, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

The Government has represented that it may call Client No. 1 to testify as a cooperating witness against Carr in the event that Carr is retried. See Sealed Letter Motion, United States v. Andrew Carr, No. 17-1911 (3d Cir. March 9, 2018).

Although the Court finds that Griffin's concurrent representation creates a potential conflict, the Court makes no finding that Griffin knowingly violated any rules of professional conduct.

The memorandum also provides the legal reasoning for the disqualification of John J. Griffin, Esq., in another case that is related to the same methamphetamine conspiracy. As that case was filed under seal, the defendant in that case is referred to in the accompanying memorandum as "Client No. 1." Attached as Exhibit A is a redacted copy of the order that was entered in Client No. 1's case disqualifying Griffin from representing Client No. 1 in that case.

The memorandum also provides the legal reasoning for the disqualification of John J. Griffin, Esq., in United States v. Carr, No. 15-455, another case that is related to the same methamphetamine conspiracy. Attached as Exhibit B is a copy of the order that was entered in Carr's case disqualifying Griffin from representing Carr in that case.